UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FEMALE PORT AUTHORITY OFFICER 47708,

Plaintiff,

-against-

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, CHAIRMAN JOHN DEGNAN, VICE CHAIR SCOTT RECHLER, SUPERINTENDENT MICHAEL FEDORKO, POLICE OFFICER MICHAEL TANIS, POLICE OFFICER MATTHEW SMITH AND JOHN AND JANE DOES 1-15,

Defendants.
----------------------------------------------------------X

Index No.: 15 CIV 6359

**ANSWER**
**(NGG) (VMG)**

Jury Trial Demanded

Defendant, Scott Rechler, by his attorney, James M. Begley, for his Answer to the Complaint, states upon information and belief, as follows:

**INTRODUCTION**

FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "1" of the Complaint, except admits that on August 22, 2014, the Public Safety Department of the Port Authority graduated 249 police recruits from the 113th recruit class.

SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "2" of the Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in paragraph "3" of the Complaint.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "4" of the Complaint.

FIFTH: Denies the allegations contained in paragraph "5" of the Complaint, except admits that the Police Integrity Unit ("PIU") of the Port Authority's Office of Inspector General conducted an investigation into a party at the Texas Arizona Bar & Grill ("Texas Arizona") on August 23-24, 2016, and that as part of its investigation the PIU interviewed employees of the Texas Arizona as well as 95 probationary police officers and 11 Police Academy staff.

SIXTH: Denies the allegations contained in paragraph "6" of the Complaint, except admits that the PIU did not discipline plaintiff, Kathleen Howard, based upon her conduct as the Texas Arizona party.

SEVENTH: Denies the allegations contained in paragraph "7" of the Complaint, except admits that plaintiff, Kathleen Howard, was one of the probationary police officers terminated

**PARTIES**

EIGHTH: Denies the allegations contained in paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as to plaintiff, Kathleen Howard's, number and residence, and admits that plaintiff is a Caucasian female who was employed as a probationary police officer #47708, and denies knowledge or information sufficient to form a belief as to as to truth or accuracy of where plaintiff was assigned to work.

NINTH: Denies the allegations contained in paragraph "10" of the Complaint, except admits that the Port Authority is a bi-state governmental entity created by compact between the States of New York and New Jersey with the approval of the U.S. Congress, and that it builds, operates and maintains

transportation facilities, including airports, seaports, railroads, tunnels, bridges and terminals within the Port District, and that it owns the World Trade Center site.

TENTH: Denies the allegations contained in paragraph "11" of the Complaint, except admits that John Degnan is the Chairman of the Board of Commissioners, and respectfully refers the Court to Unconsolidated Laws § 6401, et seq. and in particular, §§ 6405 and 6415 with respect to the Board of Commissioners and the Office of the Chairman.

ELEVENTH: Denies the allegations contained in paragraph "12" of the Complaint, except admits that Scott Rechler is the Vice Chair of the Board of Commissioners and respectfully refers the Court to NY. Unconsolidated Laws § 6401, et seq. and in particular, to §§ 6405 and 6415 with respect to the Board of Commissioners and the Office of the Vice Chair.

TWELFTH: Denies the allegations contained in paragraph "13" of the Complaint, except admits that Michael Fedorko was and is an employee of the Port Authority holding the position of Superintendent of Public Safety, Department of the Port Authority and respectfully refers all questions of law to the Court.

THIRTEENTH: Denies the allegations contained in paragraph "14" of the Complaint and respectfully refers the Court to N.Y. Unconsolidated Laws § 6401, et seq. for the purpose, powers and duties of the Port Authority.

FOURTEENTH: Denies the allegations contained in paragraph "15" of the Complaint, except admits that Michael Tanis was and is employed as a police officer in the Public Safety Department of the Port Authority, and that his employee number is 44985.

FIFTEENTH: Denies the allegations contained in paragraph "16" of the Complaint, except admits that Matthew Smith was and is employed as a police officer in the Public Safety Department of

the Port Authority, and that his employee number is 45442.

SIXTEENTH: Denies the allegations contained in paragraph "17" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first sentence of paragraph "17" of the Complaint.

**JURISDICTION AND VENUE**

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "18" of the Complaint, and respectfully refers all questions of law to the Court.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the Complaint, except admits that the Port Authority has consented to suit *inter alia* in any jurisdiction within the City of New York and respectfully refers all questions of law to the Court.

**JURY DEMAND**

NINETEENTH: Neither admits nor denies the allegations contained in paragraph "20" of the Complaint, as they are not traversable.

**PROCEDURAL REQUIREMENTS**

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "21" of the Complaint.

TWENTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "22" of the Complaint.

TWENTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "23" of the Complaint, and respectfully refers all

questions of law to the Court.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "24" of the Complaint.

**FACTUAL ALLEGATIONS**

TWENTY-FOURTH: Admits the allegations contained in paragraph "25" of the Complaint.

TWENTY-FIFTH: Admits the allegations contained in paragraph "26" of the Complaint.

TWENTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "27" of the Complaint.

TWENTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "28" of the Complaint.

TWENTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "29" of the Complaint.

TWENTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "30" of the Complaint.

THIRTIETH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "31" of the Complaint.

THIRTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "32" of the Complaint.

THIRTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "33" of the Complaint.

THIRTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "34" of the Complaint.

THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "35" of the Complaint.

THIRTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "36" of the Complaint.

THIRTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "37" of the Complaint.

THIRTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "38" of the Complaint.

THIRTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "39" of the Complaint.

THIRTY-NINTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "40" of the Complaint.

FOURTIETH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "41" of the Complaint.

FORTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "42" of the Complaint.

FORTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "43" of the Complaint.

FORTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "44" of the Complaint.

FORTY-FOURTH: Denies the allegations contained in paragraph "45" of the Complaint, except admits that some Port Authority police officers were found to have engaged in conduct in violation of

the Port Authority Public Safety Department's Rules and Regulations, including grabbing the breast of a female customer and arguing with bar staff.

FORTY-FIFTH: Denies the allegations contained in paragraph "46" of the Complaint, except admits that a Port Authority sergeant was called by the bar manager and responded to the scene and that various media outlets reported unruly conduct at the party.

FORTY-SIXTH: Denies the allegations contained in paragraph "47" of the Complaint, except admits that the PIU conducted a comprehensive investigation, which included interviews of bar staff, 95 probationary police officers and 11 Academy staff and which resulted in a determination that 25 Port Authority employees had violated Public Safety Department Rules of Conduct.

FORTY-SEVENTH: Denies the allegations contained in paragraph "48" of the Complaint, except admits that the PIU found that probationary police officer ("PPO") Thomas Small "failed to be truthful" with the investigators, and that he told investigators he had deleted his GroupMe messages while in the gym waiting to be interviewed by PIU, and that he told investigators his GroupMe texts contained no photographs, but when he recovered the GroupMe texts during the interview, there were photographs.

FORTY-EIGHTH: Denies the allegations contained in paragraph "49" of the Complaint, except admits that PIU determined that PPO Ryan Quirk failed to be truthful, and the report noted that he continually lied and was deceitful in denying that he had knowledge of another PPO grabbing a woman's breast.

FORTY-NINTH: Denies the allegations contained in paragraph "50" of the Complaint, except admits that some PPOs answered "I don't remember" to a few questions, and stated that they were "buzzed" but not intoxicated, and that plaintiff's name was inadvertently left off the summary at the

conclusion of the PIU report listing officers and probationary police officers determined to have violated Public Safety Rules of Conduct.

FIFTIETH: Denies the allegations contained in paragraph "51" of the Complaint, except admits that PPOs Ryan Quirk and Thomas Smalls were disciplined by a 30-day suspension without pay and a one-year extension of their probationary period.

FIFTY-FIRST: Denies the allegations contained in paragraph "52" of the Complaint.

FIFTY-SECOND: Denies the allegations contained in paragraph "53" of the Complaint.

FIFTY-THIRD: Denies the allegations contained in paragraph "54" of the Complaint, except denies knowledge or information with respect to the allegations concerning Police Officer Tanis's conduct toward plaintiff.

FIFTY-FOURTH: Admits the allegations contained in paragraph "55" of the Complaint.

FIFTY-FIFTH: Denies the allegations contained in paragraph "56" of the Complaint.

FIFTY-SIXTH: Denies the allegations contained in paragraph "57" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations that plaintiff wrote to Chairman John Degnan on or about December 2014.

FIFTY-SEVENTH: Denies the allegations contained in paragraph "58" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether a reply letter was sent to plaintiff by John Degnan.

**FIRST CAUSE OF ACTION**
**Title VII 42 U.S.C. § 2000e et seq.**

FIFTY-EIGHTH: In response to paragraph "59" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through FIFTY-SEVENTH" hereof as if more fully set forth

herein.

FIFTY-NINTH: Denies the allegations contained in paragraph "60" of the Complaint.

SIXTIETH: Denies the allegations contained in paragraph "61" of the Complaint.

SIXTY-FIRST: Denies the allegations contained in paragraph "62" of the Complaint.

SIXTY-SECOND: Denies the allegations contained in paragraph "63" of the Complaint.

SIXTY-THIRD: Denies the allegations contained in paragraph "64" of the Complaint.

**SECOND CAUSE OF ACION**
**42 U.S.C. § 1985 Conspiracy**

SIXTY-FOURTH: In response to paragraph "65" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through "SIXTY-THIRD" hereof as if more fully set forth herein.

SIXTY-FIFTH: Denies the allegations contained in paragraph "66" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning Sergeant Suzanne Diaz.

SIXTY-SIXTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "67" of the Complaint, except admits that defendants, Tanis and Smith, were instructors at the Police Academy, and that both are male.

SIXTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "68" of the Complaint.

SIXTY-EIGHTH: Denies the allegations contained in paragraph "69" of the Complaint, to the extent they are asserted against defendant, Scott Rechler.

SIXTY-NINTH: Denies the allegations contained in paragraph "70" of the Complaint, to the

extent they are asserted against defendant, Scott Rechler.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1986**

SEVENTIETH: In response to paragraph "71" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through 'SIXTY-NINTH" as if more fully set forth herein.

SEVENTY-FIRST: Denies the allegations contained in paragraph "72" of the Complaint.

SEVENTY-SECOND: Denies the allegations contained in paragraph "73" of the Complaint, except admits that the PIU investigation included allegations that Port Authority police officers had grabbed the buttocks and breast of female patrons of the Texas Arizona.

SEVENTY-THIRD: Denies the allegations contained in paragraph "74" of the Complaint, except admits that at the conclusion of the investigation, one probationary police officer was terminated because it was determined he grabbed the breast of a female patron and a second probationary police officer was terminated in part because of physical contact with a female patron, and admit that the probationary police officers interviewed were asked about these allegations.

SEVENTY-FOURTH: Denies the allegations contained in paragraph "75" of the Complaint and respectfully refers the Court to the Texas Arizona videotape as best evidence of its own content.

SEVENTY-FIFTH: Denies the allegations contained in paragraph "76" of the Complaint, except admits that plaintiff was terminated.

SEVENTY-SIXTH: Denies the allegations contained in paragraph "77" of the Complaint.

SEVENTY-SEVENTH: Denies the allegations contained in paragraph "78" of the Complaint.

SEVENTY-EIGHTH: Denies the allegations contained in paragraph "79" of the Complaint.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983**

SEVENTY-NINTH: In response to paragraph "80" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through 'SEVENTY-EIGHTH" hereof as if more fully set forth herein.

EIGHTIETH: Denies the allegations contained in paragraph "81" of the Complaint.

EIGHTY-FIRST: Denies the allegations contained in paragraph "82" of the Complaint to the extent they are asserted against defendant, Scott Rechler.

EIGHTY-SECOND: Denies the allegations contained in paragraph "83" of the Complaint.

EIGHTY-THIRD: Denies the allegations contained in paragraph "84" of the Complaint.

EIGHTY-FOURTH: Denies the allegations contained in paragraph "85" of the Complaint.

EIGHTY-FIFTH: Denies the allegations contained in paragraph "86" of the Complaint.

EIGHTY-SIXTH: Denies the allegations contained in paragraph "87" of the Complaint.

**FIFTH CAUSE OF ACTION**
**New York State Human Rights Law**

EIGHTY-SEVENTH: In response to paragraph "88" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through 'EIGHTY-SIXTH" hereof as if more fully set forth herein.

EIGHTY-EIGHTH: Denies the allegations contained in paragraph "89" of the Complaint.

EIGHTY-NINTH: Denies the allegations contained in paragraph "90" of the Complaint.

NINETIETH: Denies the allegations contained in paragraph "91" of the Complaint.

NINETY-FIRST: Denies the allegations contained in paragraph "92" of the Complaint.

**SIXTH CAUSE OF ACTION**
**New York City Human Rights Law**

NINETY-SECOND: In response to paragraph "93" of the Complaint, defendant, Scott Rechler, repeats and realleges paragraphs "FIRST" through "NINETY-FIRST" hereof as if more fully set forth herein.

NINETY-THIRD: Denies the allegations contained in paragraph "94" of the Complaint.

NINETY-FOURTH: Denies the allegations contained in paragraph "95" of the Complaint.

NINETY-FIFTH: Denies the allegations contained in paragraph "96" of the Complaint.

NINETY-SIXTH: Denies the allegations contained in paragraph "97" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

NINETY-SEVENTH: The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

NINETY-EIGHTH: Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

NINETY-NINTH: Plaintiff's claims are barred under *The Farragher doctrine*.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

ONE HUNDREDTH: The Port Authority and its employees acted within the scope of their employment cannot be held liable under single state human rights laws.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

ONE HUNDRED FIRST: Plaintiff's claims against defendant, Scott Rechler, fails to plead facts required by *Ashcroft v. Iqbal*.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

ONE HUNDRED SECOND: Plaintiff was a probationary employee who could be terminated for any reason not prohibited by law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

ONE HUNDRED THIRD: Defendant at all times acted reasonably and in accordance with the law.

WHEREFORE, defendant, Scott Rechler, demands that the Complaint be dismissed with prejudice and with costs and attorneys' fees awarded to defendant.

Dated: February 12, 2016
New York, New York

James M. Begley, Esq.
Attorney for Defendant, Scott Rechler

By [signature]
Kathleen Gill Miller, Esq.
4 World Trade Center, 24th Floor
New York, New York 10007
(212) 435-3434

TO:

VIA ECF
Joseph Mure, Jr., Esq. and Associates
Joseph Mure, Jr., Esq.
Attorney for Plaintiff
26 Court Street, Suite 2601
Brooklyn, NY 11242
(718) 852-9100